THE UNITED STATES FIDELITY AND GUARANTY COMPANY,
appellant,

*v.*

THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK
et al., respondents.

[Argued June 22d, 1911.   Decided November 21st, 1911.]

A stipulation in a contract for work for a city that ten per cent. of the final estimate should be retained for one year from the acceptance of the work as a guaranty that the contractor had executed his contract, and at the end of the year the amount remaining after making necessary repairs should be paid to the contractor after satisfactory evidence that laborers and materialmen have been paid, is not a provision for the retention of the money for the protection of laborers and materialmen, and an assigment by the contractor of the moneys due under the contract prior to the filing of any lien for labor or material passes the amount so retained free from any lien.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Howell, whose opinion is reported in *76 N. J. Eq. (6 Buch.) 230.*

*Messrs. McCarter & English,* for the appellant.

*Mr. Sherrerd Depue* and *Mr. George Gordon Battle* (of the New York bar), for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The complainant, the United States Fidelity and Guaranty Company, filed its bill under the provisions of the Municipal Lien law to enforce a lien on moneys in the hands of the city of Newark under a contract between the city and John L. Stewart and Frederick W. Abbot, partners, for the construction of the Cedar Grove reservoir. Stewart & Abbot subcontracted the embankment and borrow pit work to one James Seme, who entered into a bond with the complainant, the United States Fidelity and Guaranty Company, as the surety thereon to indemnify and save harmless Stewart & Abbot from any pecuniary loss resulting to them from a breach of any of the terms of the contract between them and Seme. This bond also provided that in case of default by Seme in the work the complainant could at its option assume and complete his contract. Seme did default in his work and the complainant exercised its option to complete his contract, and did in fact perform the work and furnish the materials called for therein to an amount exceeding $35,000. Not being paid by the principal contractor the money due them for such work and materials they, on December 12th, 1904, filed their lien with the city in compliance with the statute. On the 18th of November, 1904, Stewart & Abbot made a written assignment to Alexander M. Stewart and James C. Stewart of all moneys due and to become due to them from the city of Newark under their contract with the municipality. The question at issue between the parties was whether this assignment took precedence over the lien subsequently filed by the complainant. The learned vice-chancellor

held that it did, and for this reason advised a dismissal of the complainant's bill.

We concur in the conclusion reached by the vice-chancellor and have nothing to add to his discussion of the matters treated by him in his opinion. There is, however, one ground upon which the complainant rested its right to relief, and which was relied upon in the argument before us which is not referred to by the vice-chancellor in his opinion, viz., an alleged right conferred upon laborers and materialmen by the eighth section of the contract between the city and Stewart & Abbot. That section, after providing for the payment of ninety per cent. of the final estimate, upon the completion of the work in accordance with the provisions of the contract and its acceptance by the city, provides as follows:

"The remaining ten percentum of said final estimate shall be retained by said city for one year from date of said acceptance of the work as a guarantee that the contractor has faithfully executed his contract, and shall be used by said city in making good any defects or making any repairs to the work executed under this contract which may be necessary. At the end of said one year the said ten percentum, or such portion of it as may remain after making said repairs or remedying any defects, shall be paid to the contractor after the party of the second part shall furnish the said board of street and water commissioners with satisfactory evidence that all persons who have done work or furnished materials under this agreement and who may have theretofore given written notice to said board of any balance unpaid for work or materials furnished or done on said work have been fully paid or satisfactorily secured, and in case such evidence is not furnished as aforesaid such amounts as may be necessary to meet the claims of the persons aforesaid may be retained from the money due the party of the second part under this agreement and until the liabilities aforesaid shall be fully discharged or such notice withdrawn."

The contention of the complainant is that by virtue of this clause in the contract the ten per cent. was retained for the protection of laborers and materialmen, including the complainant, and so, consequently, subject to lien by them notwithstanding the assignment made by Stewart & Abbot.

Although the contention is plausible, no authority is cited in support of it, and it is opposed to earlier decisions both of the court of chancery and of this court. In the case of *Grassmann* v. *Bonn, 30 N. J. Eq. (3 Stew.) 490,* the litigation arose out of the

work of improving a public road in Hudson county under a contract by which it was provided that so much of the money due to the contractors under the contract as might be considered necessary by the public authorities should be retained by them until any suits or claims against them for damages or for errors in payment to workmen, or for material furnished, should have been settled, and evidence to that effect furnished to them. The contention was that this provision of the contract operated as an equitable assignment in favor of unpaid laborers and materialmen. · It was held that the provision was probably intended for the indemnity of the public authorities against suits or claims for wages or the price of materials which though unmaintainable might nevertheless be brought against them; that it did not create a lien in favor of laborers and materialmen, but was intended as a means of coercion to compel the contractors to pay their debts contracted in connection with and for the work; that the public authorities were charged with no duty toward these classes of persons and whether they would retain the fund or not was entirely at their option; and finally that the provision was not an equitable assignment on the part of the contractors of so much of the fund as might be necessary to pay such debts.

In the case of *Shannon* v. *Hoboken, 37 N. J. Eq. (10 Stew.) 123*, the litigation was over a contract for the repaving of a part of one of the streets of the city of Hoboken. It contained this provision:

"And the said party of the second part (the contractor) covenants and agrees to promptly pay for all labor done and material furnished on said work, and in case he fails so to do  *  *  *  any money due or to grow due to said party of the second part may be used to pay for such labor and material, and the mayor and common council may order warrants drawn to the order of parties doing work or furnishing material, or may issue certificates to them for the amounts due them. And the receipts of said parties shall be a full discharge for the mayor and common council of the city of Hoboken in settlement with the party of the second part or his sureties."

The contractor assigned moneys due him under the contract, and after the assignment claims for labor done and material furnished in the performance of the contract were presented to the municipality and payment therefore demanded. These laborers

and materialmen claimed that they were entitled to be paid out of the funds in the hands of the city, notwithstanding the assignment upon the ground that the covenant recited deprived the contractor of the power of transferring his claim. Vice-Chancellor Van Fleet, before whom the case was heard, held the claim to be without substance, saying: "The covenant on which it rests merely authorized the municipality to withhold and appropriate the moneys earned under the contract. No beneficial interest is transferred, nor is the municipality made subject to any duty or liability. Such a covenant does not render the municipality liable either at law or in equity to the creditor of the contractor, nor does it operate as an equitable assignment of the fund to such creditors." This case subsequently came to this court on appeal, and the decree of the court of chancery was affirmed upon the opinion delivered by the vice-chancellor. *37 N. J. Eq. (10 Stew.) 318.*

In *Freeholders of Essex* v. *Lindsley, 41 N. J. Eq. (14 Stew.) 189,* the litigation arose over a contract for the doing of the mason work of the new lunatic asylum which was being built by the county. The contract provided that

"should any person or persons that have furnished materials for or done any labor or work on the building herein contracted for, present to the parties of the first part (the board of freeholders) any claim or claims for such materials, work or labor, then the said parties of the first part shall have the right to withhold any and every one of the above payments until such claim or claims so presented are settled and a receipt for the same delivered to the parties of the first part."

The contractor assigned the money due to him under the contract to Lindsley. Subsequently, claims were presented to the board of freeholders by laborers and materialmen for work done upon and materials furnished to the building. It was claimed that this provision of the contract operated as an assignment of all moneys earned by the contractor under the contract for the benefit of such persons as should become the contractor's creditors in consequence of having furnished him with any of the means which he used in performing the contract, and that thereby the board became obligated to hold such funds for the benefit of such creditors until their debts were paid. Vice-Chancellor Van Fleet,

who also heard this cause, thus disposed of the claim: "I can find, in the language used by the parties, no glimpse of a purpose like that attributed to them by this construction. It is certain that no assignment is made by express words, nor am I able to find, in the language of this provision, the slightest indication that either of the parties supposed that it was possible for anything to occur which, without a further act on the part of the contractor, would operate to transfer his rights under the contract. His dominion over the money earned under the contract is left just as complete and as absolute as it would have been if this stipulation had formed no part of the contract, except in one event, namely, on the presentation of a claim for material or labor, the board of chosen freeholders shall have the right to withhold any moneys due until such claim shall be paid. They are not authorized to pay, but merely to withhold. The contractor, however, exercised his right to do with his own as he pleased while his dominion was complete, and before any attempt had been made to impound the moneys in the hands of the board of chosen freeholders. His act in that regard is not in violation of his contract; he has not even promised that he would not collect or assign the moneys earned under the contract; all that he has stipulated is that on the presentation of a claim for material or labor, the board should, as against him, have a right to withhold, but, until a claim is presented, his power and dominion over the fund remain free and unfettered." Upon this reasoning he concluded that it must be held that the assignment was effectual to pass to Lindsley whatever rights the contractor had under the contract.

These decisions, we have already stated, are opposed to the contention made by the complainant, and that in the case of *Shannon* v. *Hoboken* is controlling. The reasoning of these decisions leads to the conclusion that the ten percentum of the final estimate, which is retained under the eighth section of the contract now under consideration, passed under the assignment free from any liability to be subjected to a lien which might thereafter be filed with the municipality by a laborer or materialman.

The question whether the municipality may, notwithstanding the assignment to Stewart & Stewart, retain the ten percentum

until satisfactory evidence has been furnished to the board of street and water commissioners that all claims of laborers or materialmen of which notice was given to the municipality have been fully discharged or until such notices have been withdrawn, is not involved in the present litigation, and we therefore express no opinion upon it.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE—12.

*For reversal*—None.